ORLEANS,
*August*,
1839.

ORIN EMERSON *v.* IRA A. BAILEY.

To give the first constable of a town power to serve writs throughout the county in which he belongs, under the act of 1831, it is necessary that the vote of the town should be passed at an annual March meeting, and that it should be recorded before the service of the writ. Without such vote and record, a constable, serving a writ without the limits of his town by attaching property, is a trespasser.

TRESPASS for taking plaintiff's horse.

Plea, not guilty, with notice that defendant took the horse, as constable, upon legal process, and issue to the jury.

On the trial in the county court, the plaintiff proved his property in the horse, and the taking by the defendant.

The defendant proved that he took the horse in question in the town of Jay, by virtue of a legal writ of attachment against one Crandall, returnable before a justice of the peace, and that said writ was duly returned by him.

It further appears that the defendant was first constable of the town of Troy, he having been appointed to that office at the annual March meeting of 1836 ; and he claimed authority, as such constable, to serve said writ in the town of Jay, and other justice suits throughout the county, by force of an alleged vote of said town of Troy, passed at the meeting aforesaid, in pursuance of the statute of October 27th, A. D. 1831.

The record of the proceedings at the meeting aforesaid was produced, and no such vote appearing therein, the defendant offered to prove by parol that a vote in pursuance of said statute, was passed at said meeting. This was excluded by the court. The defendant then moved the court for an order on the town clerk, in office at the time of such alleged vote, and upon his successor who then remained in office, or upon one of them, (they being present in court,) to make a record of such vote, if it was actually passed at said meeting. But the court declined to make any such order. Whereupon, a vote of said town, to the effect aforesaid, was attached to said record of proceedings, as an addition to, or amendment of the same, and signed by said clerks. But the record, as amended, did not show a vote of the town, passed at their annual March meeting, authorizing the defendant, as constable, to serve writs throughout the country. The annual

March meeting was held on the 15th day of March, and, after the transaction of the ordinary business, was dissolved. On the 18th day of March, the selectmen warned a second meeting to be held on the 31st day of that month, for purposes specifically named in the warning, and without naming among such purposes the extension of the constable's authority to sere writs without the limits of the town. The amended record showed that authority was given to the constable to serve writs throughout the county at the last mentioned meeting.

The record thus amended was then offered in evidence, and, though objected to by the plaintiff, as irregularly made, not authorized by the warning and insufficient upon its face, was admitted by the court. To which the plaintiff, after a verdict for the defendant, excepted.

*S. Sumner*, for plaintiff.

The defendant, as constable of Troy, could not serve writs out of the town of Troy, he not having been authorized by said town to serve writs returnable before a justice, throughout the county, agreeably to the statute.

The statute empowering towns to authorize constables to serve writs throughout the county, limits the exercise of this power to their annual March meeting.

The records offered by the defendant show that the authority conferred upon the constable was not given at the annual March meeting. It was given at a subsequent meeting. But this did not appear until after the record was amended.

The court below erred in permitting the amended record to go to the jury. *Barnard* v. *Stevens*, 2 Aik. R. 429.

*Maeck & Smalley*, for defendant.

The objection that the record ought not to have been admitted on the ground of its having been amended, after it was made, is not sustainable. All recording officers, whether town clerks, or clerks of courts, or magistrates, may make or amend their records, after they are out of office, provided they make or amend them according to truth. So sheriffs may amend their returns, even after they have become matter of record. *Hoag & Dow* v. *Durfey*, 1 Aik. R. 286.— *Welles* v. *Battelle*, 11 Mass. R. 477. *Brainard et al.* v. *Burton et al.*, 5 Vt. R. 97.

Margin note:
ORLEANS, *August,* 1839.

Emerson v. Bailey.

It was unnecessary that the vote of the town of Troy, giving the defendant jurisdiction throughout the county, should be actually recorded in the town clerk's office before defendant could serve the process. The defendant must first get the consent of the town, according to the statute, but the moment their consent was given the power was complete and perfect, the town were bound by his acts, and, so far as the statute speaks of a record being made, it is merely directory. 8 Vt. R. 472. The recording does not confer any power, but only evidences it.

The opinion of the court was delivered by

BENNETT, J.—By the statute of 1797, the constables of the several towns of this state have the same powers within their respective towns as are given to the sheriff of the county; but they had no power to serve any legal process beyond the limits of the town. This continued to be the law up to 1831, when the statute was passed, authorizing the first constable of any town to serve and return legal process in any town within the county to which he belonged. Under this statute, the defendant, who was the first constable of the town of Troy, undertook to justify the taking of the horse in question, in Jay. But, by the proviso to the act of 1831, it is expressly enacted, that the constable shall not, by the provisions of the act, have his precinct extended, " until the town shall have given their consent, by a vote of the town to that effect, at the annual March meeting of such town, and a record thereof be made in the town clerk's office." The act of 1831 does not extend the powers of the first constable except upon the condition specified in its proviso ; and this is strictly a condition precedent, and must have been complied with before the constable can claim an extension of his powers.

Upon no principle can the town meeting of the 31st of March, though held in March, be considered as the annual March meeting. The town as they are made responsible for the negligence of their constable, have a deep interest in the question, and the legislature have wisely provided that this vote shall be passed at the annual March meeting. The town understand that at such meeting this is a part of the appropriate business then to come before them, and it is their duty to

ORLEANS,
*August,*
1839.

Emerson
*v.*
Bailey.

come prepared to act upon it without any special notice to that effect in the warning. The vote of the town extending the jurisdiction of the constable throughout the county, at any other meeting than the annual March meeting, is not a compliance with the letter and spirit of the act, and cannot have such effect. It is also necessary that the vote should be recorded. The passage of the vote and making it a part of the records of the proceedings of such meeting, is made indispensable to the conferring of the power. One may as well be omitted as the other.

It may well be questioned whether it was competent for the town clerk, after he had gone out of office, to amend or alter the records of the town by a substitution of an entire new vote, and upon a subject about which there appeared to have been no action. It would seem to be inconsistent to yield to his successor, who was not the keeper of the records, at the time, this power. But, as it is not necessary, we do not decide this question. The amendment, if properly made, is inoperative upon the rights of these parties. The result, then, is, that the judgment below is reversed, and a new trial granted.